**Jane L. Moisan,** OSB No. 181864
peopleslawproject@gmail.com
PEOPLE'S LAW PROJECT
818 S.W. 3rd Avenue #221-3789
Portland, OR 97204
Phone (971) 258-1292

*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| **DONOVAN FARLEY**, | Case No. |
| Plaintiff, | FIRST AMENDED COMPLAINT |
| v. | (Violations of Civil Rights: 42 U.S.C. § 1983) |
| **CITY OF PORTLAND, a municipal corporation, Portland Police Bureau Police Officer ("P.O.") CAMERON SMITH; PPB Officers JOHN DOEs 1 through 4, (the names John Doe being fictitious, as the true names and shield numbers are not presently known), in their individual capacities,** | JURY TRIAL DEMANDED |
| Defendants. | |

Plaintiff, by and through his attorneys, does hereby state and allege:

## PRELIMINARY STATEMENT

This is a civil rights action brought to vindicate Plaintiff's rights under the First and Fourth Amendments of the Constitution of the United States, through the Civil Rights Act of 1871, *as amended*, codified as 42 U.S.C. § 1983, with pendant claims under the laws of the State

of Oregon.

Plaintiff DONOVAN FARLEY's rights were violated when officers of the PORTLAND POLICE BUREAU unconstitutionally and without any lawful justification used unlawful force against him and in retaliation for his actions in reporting on police conduct as a journalist. By reason of Defendants' actions, Plaintiff was deprived of his constitutional rights. Plaintiff seeks an award of compensatory and punitive damages and attorneys' fees.

## I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over federal claims pursuant to 28 U.S.C. §§ 1331, 1343(a)(3-4). This case is brought pursuant to 42 U.S.C. § 1983 and § 1988 for violations of the First and Fourth Amendments to the Constitution of the United States, with pendant claims brought under the laws of the State of Oregon pursuant to ORS 30.265.

2. This court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear and determine Plaintiffs' state law claims because those claims are related to Plaintiffs' federal law claims and arise out of a common nucleus of facts. Plaintiffs' state law claims are related to their federal law claims such that those claims form part of the same case or controversy under Article III of the United States Constitution. Jurisdiction is also conferred under 28 U.S.C. § 1343.

3. Plaintiff complied with all necessary obligations pursuant to ORS 30.275 *et seq* by submitting a tort claim notice on December 3, 2020.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in the District of Oregon, and because Defendants are subject to personal jurisdiction in the District of Oregon.

## II. PARTIES

5. Plaintiff Donovan Farley ("Mr. Farley") is a resident of the State of Oregon and Multnomah County. As a journalist, Mr. Farley writes for *Vice, Rolling Stone, Spin, Willamette Week, Playboy, Paste,* and *Consequence.*

6. Defendant City of Portland ("City") is a municipal entity created and authorized under the laws of the State of Oregon. The City is authorized to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. As a local governmental entity, the City is a suable person under 42 U.S.C. § 1983. Defendant City assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risks attached to the public consumers of the services provided by the PPB. Per 0RS 30.285(1), the city must indemnify its officers for their tortious acts and is therefore liable for the purposes of this action by Plaintiff.

7. Defendants PPB Officer Cameron Smith is and was at all times relevant herein, an officer, employee and agent of the City's Portland Police Bureau ("PPB").

8. Defendants JOHN DOEs 1 through 4 are and were at all times relevant herein, officers, employees and agents of the City's Portland Police Bureau ("PPB"). The names "John Doe" are fictitious. Plaintiff does not know the true names and identities of John Doe defendants. Plaintiff intends to amend this lawsuit to name the John Doe defendants by their true names when Plaintiff learns their identities.

9. Defendant PPB Officer Cameron Smith and Defendants JOHN DOEs 1 through 4 are collectively referred to herein as "Individual Defendants."

10. The Individual Defendants are being sued in their individual capacities.

11. At all times relevant herein, the Individual Defendants were acting under color of

state law in the course and scope of their duties and functions as agents, servants, employees, and officers of PPB and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the PPB at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the PPB and incidental to the lawful pursuit of their duties as officers, employees and agents of the PPB.

### III. FACTUAL ALLEGATIONS

12. On May 25, 2020, in Minneapolis, Minnesota, a Black man named George Floyd was murdered on video by Officer Derek Chauvin of the Minneapolis Police Department while three of his fellow officers watched and did nothing to intervene. Officer Chauvin knelt on Mr. Floyd's neck while Mr. Floyd pleaded for his life, repeatedly telling Chauvin that he could not breath. A bystander video of the murder quickly went viral, sparking outrage throughout the country.

13. For many Americans, and particularly Black Americans, the murder of George Floyd, in broad daylight while being openly filmed by a witness, was the proverbial straw that broke the camel's back. Fed up with the empty platitudes and the endless yet ineffective "reforms" by their political and law enforcement leaders, millions of Americans took to the streets in protests, demanding an end to police violence and white supremacy, and refusing to leave those streets unless and until meaningful change is made.

14. Protests were met with police violence in nearly every city around the country. Videos shared in the press and on social media show the police in this country out of control, including in their unprecedented attacks on journalists. As of June 23, 2020, Amnesty

International reported 125 incidents of United States police human right violations against protesters since the uprising began.[1]

15.   Beginning on May 29, 2020, and every night for months following, Portlanders demonstrated in the streets demanding justice for George Floyd and demanding an end to police violence. The PPB, like police departments throughout the country, met these demands with violence and attempts to suppress the media.

**Plaintiff's Allegations**

16.   On June 6, 2020, Plaintiff witnessed the Individual Defendants clad in riot gear pinning a protester's face to the cement in what Plaintiff understood to be a chokehold -- the same method of force that was used in the murder of George Floyd. Plaintiff heard the protester screaming and uttering the same words George Floyd had uttered before his life was taken: "I can't breathe!"

17.   At this time, at or around 11:00 p.m. and near SW 3rd Avenue and SW Main Street in Downtown Portland, the crowd had dispersed, and the police were otherwise out of view with the arrestee. Plaintiff was endeavoring to film the Individual Defendants in their use of force against a lone protester, up until Defendant PPB Officer Cameron Smith ("Defendant Smith") turned away from the individual being arrested and advanced upon Plaintiff.

18.   Plaintiff was clearly identifiable as a member of the news media. He wore a *Vice* Press badge with his first and last name on it. Further, when Defendant Smith charged threateningly toward him, Plaintiff called out while retreating that he was a member of the Press.

---

[1] Rahman, Khaleda "Police Violated Human Rights of George Floyd Protesters 125 Times: Amnesty International" June 23, 2020 NewsWeek. Available online at https://www.newsweek.com/amnesty-documents-police-violence-map-1512536?fbclid=IwAR3HHX59QbFcHSYtYvTBfOSr36rjbGlstvUyUgH3piWdM0AafXSCxPUZtcM.

5 – FIRST AMENDED COMPLAINT

19. As Plaintiff retreated and posed no physical threat, Defendant Smith slapped at Plaintiff's camera and unleashed upon Plaintiff a chemical crowd control agent at a distance of approximately five (5) feet.

20. As Plaintiff turned and walked away, Defendant Smith followed Plaintiff under threat of force, and beat Plaintiff about the body with a baton as Plaintiff continued to retreat.

21. Beating Plaintiff with a baton was not reasonably related to any safety concerns or public order concerns of Defendant Smith.

22. Upon information and belief, Defendants John Doe's 1 through 4 were at a close range and within earshot of Defendant Smith and witnessed him needlessly pursue Plaintiff for the purpose of inflicting additional disproportionate force. Defendants John Doe's 1 through 4 had the opportunity and obligation to intervene, and yet did not.

23. Defendant Smith then struck Plaintiff about the neck and shoulder, upon information and belief, in an effort to cause Plaintiff to turn to face him.

24. As Plaintiff turned his head towards Defendant Smith, Defendant Smith unleashed a chemical crowd control agent at a distance of less than a foot directly into Plaintiff's face and causing mental and physical harms. Defendants John Doe's 1 through 4 again witnessed Defendant Smith use disproportionate and excessive use of force against Plaintiff, again had the opportunity to intervene, yet did not.

25. Spraying Plaintiff with the chemical crowd control agent was not reasonably related to any safety concerns or public order concerns of Defendant Smith.

26. Plaintiff feared for his life and feared arrest and stumbled blindly to a wall. While blind and in terror, he could hear police chasing people all around him.

27. Upon information and belief, the Individual Defendants knew use of the chemical agent at such a range had the potential to cause serious permanent injuries and even death. Upon information and belief, Defendant Smith unloaded the chemical agent on Plaintiff in a manner contrary to the manufacturer's warnings and likely to cause injury.

28. As a result of the force used against Plaintiff by Defendant Smith, Plaintiff was injured and rendered unable to see and unable to continue to document and provide coverage of the officer's conduct and was forced to leave the scene and cease journalistic activities.

29. Plaintiff suffered intense physical pain and vomiting from the baton beating and chemical crowd control agent and physical injuries to his body from the baton beating.

30. As a journalist whose profession requires covering protests and law enforcement, Plaintiff suffered mental, physical, and economic harms including mental anguish and anxiety interfering with his ability to conduct his business.

IV.

### FIRST CLAIM
### Violation of the First Amendment
*Pursuant to 42 U.S.C. § 1983 Against Defendant PPB Officer Cameron Smith*

31. Plaintiff realleges the paragraphs *supra* as if set forth fully herein.

32. Plaintiff was engaged in constitutionally protected conduct as a member of the press, including filming police conduct during protests of local, national and international importance. As alleged *supra*, Defendant Smith slapped Plaintiff's recording device from his hand, preventing him from creating media. The use of force against Plaintiff was in retaliation for Plaintiff having exercised his free speech rights. Additionally, the subsequent use of force in following Plaintiff as he attempted to leave and beating and spraying him with chemical agents repeatedly was for the purpose and with the effect of chilling Plaintiff's subsequent exercise of

speech.

33. Defendant Smith, under color of state law, subjected the Plaintiff to the foregoing acts and omissions, thereby depriving Plaintiff of his rights, privileges and immunities secured by the First Amendment to the United States Constitution, including, without limitation, deprivation of the freedom from retaliation as a member of the media, and for the exercise free speech and the right to assemble.

34. Defendant Smith, under color of state law, subjected Plaintiff to the foregoing acts and omissions, thereby depriving Plaintiff of his rights, privileges and immunities secured by the First Amendment to the United States Constitution, including, without limitation, deprivation of the freedom from retaliation and for the exercise free speech and the right to assemble.

35. Defendant Smith's deprivation of Plaintiff's constitutional rights resulted in the injuries and damages set forth above and to be proven at trial.

36. At all times material, the law was clearly established that Defendant Smith's conduct, in the manner and under the circumstances used against Plaintiff, was objectively unreasonable and any reasonable law enforcement officer would have known that the conduct was unreasonable and violated his clearly established First Amendment rights. Defendant Smith's conduct was well-defined by law and he knew or should have known that his conduct was not only well below the standard prescribed by law, but illegal *per se*.

37. Defendant Smith's conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's First Amendment rights.

38. As a direct and proximate result of Defendant Smith's unconstitutional and retaliatory acts, Plaintiff suffered economic, physical, and emotional harms, including outrage, betrayal, offense, indignity and insult causing damage in amounts to be determined at trial.

39. Plaintiff is entitled to an award of compensatory damages and an award of punitive damages against Defendant Smith to punish and deter him and others from similar deprivations of constitutional rights in the future.

40. Plaintiff is entitled to an award of compensatory damages and reasonable attorney fees and costs under 42 U.S.C. § 1988.

## SECOND CLAIM
### Excessive Force in Violation of the Fourth Amendment
*Pursuant to 42 U.S.C. § 1983 Against Defendant PPB Officer Cameron Smith*

41. Plaintiff realleges the paragraphs *supra* as if set forth fully herein.

42. Plaintiff is entitled to be free from unlawful seizure of his person pursuant to the parameters of the Fourth Amendment to the United States Constitution. Defendant Smith violated Plaintiff's Fourth Amendment right to be free from undue and unreasonable force when they intentionally:

    A. Used teargas without lawful justification;

    B. Struck Plaintiff;

    C. Seized and detained Plaintiff in an unreasonable manner and without lawful justification.

43. Defendant Smith committed these acts without forewarning or a proportional threat, and as a result, his acts were objectively unreasonable and constituted unlawful seizure and excessive force.

44. Defendant Smith's deprivation of Plaintiff's constitutional rights resulted in the injuries and damages set forth above.

45. At all times material, the law was clearly established that Defendant Smith's use of force, in the manner and under the circumstances used against Plaintiff was objectively

unreasonable and any reasonable law enforcement officer would have known that the force used against Plaintiff was unreasonable and violated his clearly established Fourth Amendment rights. Defendant Smith's conduct was well-defined by law and he knew or should have known that his conduct was not only well below the standard prescribed by law, but illegal *per se*.

46.    Defendant Smith's conduct was malicious, oppressive, and/or in reckless disregard of Plaintiff's Fourth Amendment rights.

47.    As a direct and proximate result of Defendant Smith's unconstitutional and retaliatory acts, Plaintiff suffered physical, economic, and emotional harms, including outrage, betrayal, offense, indignity and insult causing damage in amounts to be determined at trial.

48.    Plaintiff is entitled to an award of compensatory damages, and an award of punitive damages against Defendant Smith to punish and deter them and others from similar deprivations of constitutional rights in the future.

49.    Plaintiff is entitled to an award of compensatory damages and reasonable attorney fees and costs under 42 U.S.C. § 1988.

### THIRD CLAIM
### Failure to Intervene in Violation of the Fourth Amendment
*Pursuant to 42 U.S.C. § 1983 Against Defendants John Does 1 Through 4*

50.    Plaintiff realleges the paragraphs *supra* as if set forth fully herein.

51.    Members of the PPB have an affirmative duty to assess the constitutionality of interactions between their fellow members of service and civilians and to intervene where they observe another member of the Police Department or other law enforcement agency employing unjustified and excessive force against a civilian or falsely arresting a civilian.

52.    Defendant Police Officers John Does 1 through 4 were present for the above-described incident and witnessed another defendant, to wit, Defendant Smith, use excessive force

against Plaintiff.

53.     Defendant Smith's retaliatory and excessive use of force against Plaintiff was obviously unjustified under the circumstances yet Defendant Police Officers John Does 1 through 4 failed to take any action or make any effort to intervene, halt or protect Plaintiff from being subjected to excessive force, despite having the opportunity to do so.

54.     At all times material, the law was clearly established that Defendant Smith's use of force, in the manner and under the circumstances used against Plaintiff was objectively unreasonable and any reasonable law enforcement officer would have known that the force used against Plaintiff was unreasonable and violated his clearly established Fourth Amendment rights. Defendant Smith's conduct was well-defined by law and he and Defendants John Does 1 through 4 knew or should have known that his conduct was not only well below the standard prescribed by law, but illegal *per se*.

55.     Defendants John Doe's 1 through 4's violation of Plaintiff's constitutional rights by failing to intervene in Defendant Smith's clearly unconstitutional use of force directly and proximately caused the injuries and damages set forth above.

56.     Plaintiff is entitled to an award of compensatory damages and attorney fees and costs against Defendant John Doe 1 through 4.

57.     Plaintiff is entitled to an award of compensatory damages and reasonable attorney fees and costs under 42 U.S.C. § 1988.

## FOURTH CLAIM
### Assault, a Claim Arising Under ORS 30.265 Against Defendant City

58.     Plaintiff realleges the paragraphs *supra* as if set forth fully herein.

59.     In taking the actions alleged above, including but not limited to use and threatened use of tear excessive force in teargassing and beating and threatening to beat Plaintiff

with a police baton, Defendant Smith intentionally attempted to engage in harmful or offensive contact with Plaintiff while having the present ability and opportunity to actually engage in the intended harmful or coercive contact.

60.     As a direct or indirect result of Defendant Smith's conduct alleged herein, Plaintiff was caused harmful and offensive contact and Plaintiff experienced physical, economic, and mental harms, including the effects of teargas, trauma, missed work and incurred loss of professional opportunities, pain and suffering, and has been both depressed and afraid to go about his ordinary course of business. Plaintiff no longer feels safe to exercise his first amendment rights.

61.     The conduct of Defendant Smith as alleged above served no lawful purpose and was unreasonable under the circumstances, and was not otherwise privileged or justified under ORS 161.205 *et seq*.

62.     Defendant City is vicariously and directly liable to Plaintiff for the conduct of the Defendant Smith and the acts and omissions of its law enforcement agents as alleged herein. Plaintiff is entitled to an award of economic and non-economic damages.

## FIFTH CLAIM
### Battery, a Claim Arising Under ORS 30.265 Against Defendant City

63.     Plaintiff realleges the paragraphs *supra* as if set forth fully herein.

64.     As alleged above, Defendant Smith acted with the intent to cause harmful or offensive contact with Plaintiff when he intentionally used excessive force against Plaintiff.

65.     As a direct or indirect result of Defendant Smith's conduct alleged herein, Plaintiff was caused harmful and offensive contact and Plaintiff experienced physical, economic, and mental harms, including the effects of teargas, trauma, missed work and incurred loss of professional opportunities, pain and suffering, and has been both depressed and afraid to go

about his ordinary course of business. Plaintiff no longer feels safe to exercise his first amendment rights.

66. The conduct of Defendant Smith as alleged above was served no lawful purpose and was unreasonable under the circumstances, and was not otherwise privileged or justified under ORS 161.205 *et seq*.

67. Defendant City is vicariously and directly liable to Plaintiff for the conduct of the Defendant Smith and the acts and omissions of its law enforcement agents as alleged herein. Plaintiff is entitled to an award of economic and non-economic damages.

## SIXTH CLAIM
**Negligence, a Claim Arising Under ORS 30.265 Against Defendant City**

68. Plaintiff incorporates by reference the allegations set forth *supra* as if set forth fully herein and further alleges:

69. The above-described actions of the individual defendants created a relationship and a duty of care to Plaintiff. The above-described actions of the Defendants breached that duty of care.

70. Defendants' above-described individual or cumulative acts were unreasonable and excessively dangerous in light of the risk to Plaintiff and in light of the purported purposes of the acts.

71. In performing the above-described individual and cumulative acts, Defendant City's law-enforcement employees directly and proximately caused Plaintiff physical, economic, and/or emotional harm while infringing on Plaintiff's rights to be free from unlawful violence and to attend and engage in constitutionally-protected free-speech activity without threat of chill or retaliation.

72. Plaintiff's physical and emotional harms and injuries were within the general type

of potential incidents and injuries that made Defendants' conduct negligent. That is, the acts of Defendant City's law enforcement employees in using unreasonable force, violence, and punishment, as described above, against lawful protestors and/or persons engaged in the creation of media created a foreseeable and unreasonable risk of physical, economic, and emotional harms that reasonably would likely result in infringements of Plaintiff's rights to be free from unlawful violence and to exercise constitutionally-protected free-speech rights without threat of chill or retaliation.

73. Defendant City is vicariously and directly liable to Plaintiff for the conduct of the Individual Defendants and the acts and omissions of its law enforcement agents as alleged herein.

74. Plaintiff is entitled to an award of economic and non-economic damages.

//

//

//

## JURY DEMAND

75. Plaintiff demands a trial by jury in this action on each and every one of his damages claims.

WHEREFORE, Plaintiff demands judgment against the Defendants jointly and severally and prays for relief as follows:

a. That he be awarded compensation for violation of his rights and resulting injuries, as pleaded above; and

b. That he be awarded punitive damages against the Individual Defendants as pleaded above; and

c. That he be compensated for attorneys' fees and the costs and disbursements of this action as pleaded above; and

d. For such other further and different relief as to the Court may seem just and proper.

DATED: August 24, 2022.

Respectfully submitted,

By: /s/ Jane L. Moisan
Jane L. Moisan, OSB No. 181864
PEOPLE'S LAW PROJECT

*Attorneys for Plaintiff*